OPINION
This is an accelerated calendar appeal. Appellant, Timothy T. Stone, appeals from the judgment of the Lake County Court of Common Pleas, Juvenile Division, adjudicating appellant as a delinquent child. For the following reasons, we affirm the trial court's determination.
The following procedural history is relevant to this proceeding. Appellant was charged with one count of theft, a felony of the fifth degree if committed by an adult, in violation of R.C. 2913.02.[1] On September 30, 1998, after a trial before a magistrate, appellant was adjudicated a delinquent child. In response, appellant filed an objection to the magistrate's decision with the trial court on October 13, 1998. In a judgment entry filed on November 9, 1998, the trial court overruled appellant's objections, adopted the magistrate's decision, and ordered that the case be set for a dispositional hearing.
A judgment entry dated December 14, 1998 reflects that the trial court appointed counsel to represent appellant on appeal and ordered that a transcript of the trial be prepared at the expense of the state due to the indigency of appellant. On January 5, 1999, appellant filed his first notice of appeal with this court. In a memorandum opinion dated May 24, 1999, we dismissed appellant's first appeal for lack of a final appealable order.
Subsequently, on June 30, 1999, the trial court found appellant to be a delinquent child and ordered him to spend ninety days in the Lake County Detention Center, with a release upon obtaining Level II and maintaining such level for three days. It was further ordered that appellant continue on indefinite probation, successfully complete a felony education program, pay full restitution for the property stolen, and perform sixteen hours of community service. The above disposition was stayed pending this appeal. From this judgment, appellant filed a second notice of appeal with this court wherein he claims two assignments of error for our consideration:
 "[1.] The Finding of Delinquency Based on Grand Theft is Not Supported by Sufficient Evidence.
 "[2.] The Finding of Delinquency Based on Grand Theft is Against the Manifest Weight of the Evidence."
However, appellant's first and second assignments of error fail because appellant did not properly object to the magistrate's decision in the trial court. Juv.R. 40(E)(3)(b) is relevant to this matter and states in pertinent part:
 " * * * Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may only object to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." (Emphasis added.)
In the instant matter, appellant filed his objection to the magistrate's decision with the trial court on October 13, 1998. However, he did not include a transcript with his objection as required by Juv.R. 40(E)(3)(b). Appellant contended that his objections were based solely upon the statements set out in the magistrate's decision and therefore, a transcript was not necessary. The trial court disagreed with the conclusion that the objections were based solely on the legal conclusions without reference to the factual findings.[2] We agree that, in this instance, a transcript was "necessary for the trial court to examine the evidence upon which the magistrate based her decision." In re Fanizzi (Oct. 30, 1996), Summit App. No. 17706, unreported, at 2, 1996 WL 625250. Without a transcript, appellant's objection was not properly filed with the trial court under Juv.R. 40(E)(3)(b). Fanizzi
at 2.
We have previously held that under Juv.R. 40,
 " * * * a failure to object to the factual findings of the referee by submitting a transcript or affidavit of evidence waives further challenge to the factual findings either by objection or later by appeal." In re Barber (July 23, 1993), Lake App. No. 91-L-142, unreported, at 2, 1993 WL 285902.
Thus, appellant waived his right to appeal the factual findings of the magistrate when he failed to submit a transcript or affidavit of the evidence with the trial court pursuant to Juv.R. 40(E)(3)(b). See In the Matter of Christian M. (June 5, 1998), Erie App. No. E-97-104, unreported, at 3, 1998 WL 334222, (holding that the failure to comply with Juv.R. 40(E)(3)(b) constitutes a waiver of the error on appeal). Had appellant been correct in his assessment of the nature of his objections, he would not have needed a transcript. However, his objections did not address the sufficiency or an obvious misapplication of the law; instead, those objections focused on the factual findings of the magistrate.
Even if we assume arguendo, appellant's premise that the testimony of a co-defendant should be disbelieved, the magistrate's report indicates that she relied on both direct and circumstantial evidence in determining that appellant committed a theft offense. The magistrate explained that she also considered the testimony of two police officers as well as the co-defendant. Although the magistrate acknowledged that the co-defendant had lied to the police earlier about having information regarding the theft, she found his testimony about appellant's involvement to be credible. Further, the magistrate stated that the co-defendant's testimony "was viewed continuously, and was not the sole basis for the decision, but was a part of the chain of events." Thus, appellant's conviction was not based solely on the testimony of the co-defendant.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
 _______________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J., O'NEILL, J., concur.
[1] In the complaint, it stated that the value of the stolen property was less than $500.00. However, as the magistrate's September 30, 1998 decision indicates, the parties agreed to amend the complaint to reflect the value of the stolen property as more than $500.00 and less than $5,000.00. And, although appellant and appellee make reference to grand theft, the trial court's June 30, 1999 judgment entry states that appellant was found to be a delinquent child for having committed theft of property having a value of more than $500.00 and less than $5,000, in violation of R.C. 2913.02, a felony of the fifth degree if committed by an adult. Furthermore, R.C. 2913.02(B)(2) states in relevant part that:
 "[i]f the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars * * * a violation of this section is theft, a felony of the fifth degree."
[2] This is evidenced in the trial court's November 9, 1998 judgment entry.